James O'BRYAN, et al., Plaintiffs-Appellants,

v.

The COUNTY OF SAGINAW, MICHIGAN, et al., Defendants-Appellees.

No. 82–1383.

United States Court of Appeals, Sixth Circuit.

Aug. 22, 1984.

Alan S. Ells, Philip Snelling, Lawrence F. Gambino, Legal Services, Flint, Mich., Joel Berger, Steven Winter, NAACP Legal Defense Fund, New York City, Phyllis McMillen, co-counsel, Flint, Mich., for plaintiffs-appellants.

Frank J. Kelley, Atty. Gen. of Mich., Lansing, Mich., Jerome E. Burns, Peter C.

Jensen, argued, Borello, Thomas & Jensen, Saginaw, Mich., for defendants-appellees.

Before MERRITT and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

WELLFORD, Circuit Judge.

Plaintiffs, pre-trial detainees at the Saginaw County, Mich., Jail, appeal the district court's judgment that they have no constitutional right to contact visitation with their spouses and children. The same issue was recently confronted by the Supreme Court in *Block v. Rutherford*, — U.S. —, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). On the basis of the decision in *Rutherford*, the judgment of the district court is AFFIRMED.

Inmates at the Saginaw County Jail instituted this class action in 1975 challenging the constitutionality of numerous conditions and practices at the jail. After trial on the merits in 1977, the district court granted declaratory and injunctive relief to remedy certain perceived constitutional violations. *See O'Bryan v. County of Saginaw, Mich.*, 437 F.Supp. 582 (E.D.Mich. 1977). The district court later entered a permanent injunction. *See O'Bryan v. County of Saginaw, Mich.*, 446 F.Supp. 436 (E.D.Mich.1978).

Defendants appealed only two provisions of the district court's judgment: the requirement that prisoners and their visitors be permitted physical contact during visitation rather than being separated by a barrier and the requirement that prisoners be permitted to receive books and publications from any source rather than being restricted to receiving such items solely from a publisher. During the pendency of defendants' appeal, the Supreme Court decided *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). On plaintiffs' motion, this court remanded the case to the district court to permit the court to recon-sider its decision in light of *Wolfish* and to take additional evidence. *See O'Bryan v. County of Saginaw*, 620 F.2d 303 (6th Cir. 1980).

The parties settled the issue regarding the "publisher-only" rule, but the contact visitation issue was litigated at a three-day hearing. After the hearing, the district court held that, in light of *Wolfish*, defendants could terminate contact visitation at the jail and return to a system of barrier visitation. *See O'Bryan v. County of Saginaw, Mich.*, 529 F.Supp. 206 (E.D.Mich. 1981). This appeal ensued.

In *Block v. Rutherford*, the Supreme Court applied *Bell v. Wolfish* to the Los Angeles County Central Jail's policy of denying pre-trial detainees contact visits with their spouses, relatives, children, and friends. The Court reiterated that the due process clause forbids punishment of a pretrial detainee since such individuals have not been judged guilty of a crime. *See* — U.S. at —, 104 S.Ct. at 3230. The Supreme Court held that the jail's policy did not constitute punishment for purposes of due process analysis. *See id.* at —, 104 S.Ct. at 3233–34. The Court first noted that the district court had not found "that the purpose of petitioner's policy of denying contact visitation is to punish the inmates." *Id.* at —, 104 S.Ct. at 3232. The Court therefore inquired as to whether the rule was reasonably related to the security of the jail. Given the security problems posed by contact visitation, the Court concluded that the rule was reasonably related to the security of the jail. *See id.* Finally, the Court rejected the conclusions of the district court and the court of appeals that totally disallowing contact visits was "excessive in relation to the security and other interests at stake" at the jail. *Id.* The Court emphasized "that we are unwilling to substitute our judgment on these difficult and sensitive matters of institutional administration and security for that of 'the persons who are actually

charged with and trained in the running' of such facilities." *Id.* at ——, 104 S.Ct. at 3233 (citation and footnote omitted) (quoting *Wolfish*, 441 U.S. at 562, 99 S.Ct. at 1886). The Court held that the district court had "simply misperceived the limited scope of judicial inquiry under *Wolfish*. When the district court found that many factors counseled against contact visits, its inquiry should have ended." *Id.*

*Rutherford* compels affirmance of the district court here. As in *Rutherford*, the district court here did not find that the proposed no-contact-visitation rule was motivated by a desire to punish the pre-trial detainees. *See* 529 F.Supp. at 212. The holding in *Rutherford* that a no-contact-visitation rule is reasonably related to jail security likewise applies here. Finally, the district court found that contact visitation at the Saginaw County Jail posed "real security problems." *Id.* at 213. This conclusion bolsters the district court's finding that the plaintiffs had failed to show that the position of jail administrators constituted "an exaggerated response to legitimate jail objectives." *Id.* at 212. While the plaintiffs argued that the Saginaw County Jail's previous experience with contact visitation demonstrated that only minor security problems resulted from the program, the simple fact that extraordinary difficulties had not yet surfaced does not suffice to show that a jail rule constitutes an exaggerated response to security problems. *See Rutherford*, —— U.S. at ——, 104 S.Ct. at 3233–34. And as in *Rutherford*, cost considerations favor the use of a barrier visitation system here. *See id.* at —— n. 9, 104 S.Ct. at 3233 n. 9.

While there is evidence in the record that would support a contrary view if contact visitation policies were adopted rather than barrier visitation policies, we should not substitute our judgment in that regard for that of prison administrators made in apparent good faith. Despite the possible advantages of contact visitation, which the Supreme Court itself recognized, *see id.* at ——, 104 S.Ct. at 3234, the Constitution does not require contact visitation in this case. Accordingly, the judgment of the district court is AFFIRMED.