978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell SYNCATE-EL, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden; Deputy Fitzner, Defendants-Appellees.
 No. 92-1421.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 Before SILER and BATCHELDER, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Darrell Syncate-El, a pro se Michigan prisoner, appeals the district court's judgment granting summary judgment for the defendants in this 42 U.S.C. § 1983 prisoner civil rights action. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Syncate-El claimed that the defendants, who are the warden and a resident unit deputy at the Ionia Maximum Correctional Facility (IMCF), violated his constitutional rights concerning security classification, psychological assessments, rehabilitation and visitation. The defendants are sued in their individual and official capacities. Syncate-El requested declaratory, injunctive and monetary relief.
 
 
 3
 The district court granted summary judgment for the defendants, deciding that none of Syncate-El's constitutional rights had been violated. The court held that defendants acted in compliance with statutory regulations governing review of prisoner classification. See Meachum v. Fano, 427 U.S. 215, 224 (1976). The court also held that Syncate-El did not have a constitutional right to contact visitation, see Block v. Rutherford, 468 U.S. 576, 585-88 (1984); O'Bryan v. Saginaw County, Mich., 741 F.2d 283, 285 (6th Cir.1984), nor did he have a constitutional right to rehabilitation or education. See Hutto v. Finney, 437 U.S. 678, 686 n. 8 (1978); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir.1987). This appeal followed.
 
 
 4
 Initially, we note that Syncate-El does not raise the issues concerning security classification, psychological assessments, or rehabilitation on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 First, the defendants are entitled to judgment because Syncate-El's allegation that he has a constitutionally protected liberty interest in contact visitation is meritless. It is well settled that there is no inherent constitutionally protected right of prisoners to contact visits. See Bellamy v. Bradley, 729 F.2d 416, 420 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Moreover, neither the Michigan statutes nor administrative regulations create a liberty interest in contact visitation for prisoners. The administrative regulations relating to prison visitation, Mich.Admin.Code R. 791.6607-791.6613, do not specify whether visitation is to be contact or noncontact. Defendants state that pursuant to PD-BCF 63.02, visitation for Level VI prisoners, such as Syncate-El, shall be noncontact only. Syncate-El does not dispute this policy directive. Thus, his claim that defendants deprived him of a constitutionally protected liberty interest by limiting him to noncontact visits must fail.
 
 
 7
 Second, Syncate-El's allegation that the use of body chains during noncontact visits constitutes cruel and unusual punishment is also meritless. Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Physical restraints are constitutionally permissible where there is penological justification for their use. Ample justification exists in this case. As noted by the district court, uncontroverted prison records show regular documentation of Syncate-El's assaultive and aggressive behavior, and inappropriate sexual behavior. The significant threat of further assaultive behavior justifies some type of restraints when Syncate-El is outside of his cell. Thus, there is a direct relationship between the type of restraints used, i.e., body chains, and the harm to be guarded against. Syncate-El's Eighth Amendment claim must also fail.
 
 
 8
 Finally, Syncate-El's argument concerning the district court's decision denying amendment of his complaint lacks a factual basis and, in any event, is refuted by the record.
 
 
 9
 For the foregoing reasons, the request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.