990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teshome ABATE, Plaintiff-Appellant,
v.
John AVENENTI, et al., Defendants-Appellees.
 No. 92-16872.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 Teshome Abate, an Arizona state prisoner, appeals pro se the district court's judgment on the pleadings in his 42 U.S.C. § 1983 action against prison officials. Abate contends that the district court erred by (1) dismissing his constitutional claims, (2) refusing to permit him to file an amended complaint, and (3) denying his recusal motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * Dismissal of Claims
 
 
 3
 Abate contends that the district court erred by sua sponte dismissing his retaliation claims. He contends that the district court erred by granting the defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss his claims of due process violations in connection with the denial of a hall pass and subsequent prison grievance and grievance appeal. Abate also contends that the district court erred by granting the defendants' motion for judgment on the pleadings as to his claims of due process violations in connection with a prison disciplinary hearing. These contentions lack merit.
 
 A. Section 1915(d) Dismissal
 
 4
 We review a 28 U.S.C. § 1915(d) dismissal for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Pursuant to section 1915(d), the district court may dismiss a claim sua sponte before service of process if the claim is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A claim is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.[1]
 
 
 5
 Abate's complaint contained the following allegations. On April 10, 1990, another inmate relayed to him the defendants' verbal threats, which were in retaliation for other lawsuits. On May 11, 1990, defendants Pickard and O'Rear falsely accused him of violating prison regulations regarding pictures in cells. Pickard handcuffed him and caused "minor" injury to his lower arms. Defendant Cordova cursed at him "with very rude words."
 
 
 6
 Prison officials may not retaliate against prisoners for exercising first amendment or other constitutional rights. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). To state a cause of action for retaliation, a prisoner must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution." Id.
 
 
 7
 Under the circumstances of this case, the district court did not abuse its discretion by dismissing Abate's retaliation claim as frivolous. See Neitzke, 490 U.S. at 325.
 
 B. Rule 12(b)(6) Dismissal
 
 8
 We review de novo a dismissal for failure to state a claim. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). A claim may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990) (quotations omitted).
 
 
 9
 If a prison official's administrative decision implicates a liberty interest protected by the fourteenth amendment, the official must provide procedural safeguards for the prisoner. Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Prison regulations create a protected liberty interest if they require certain procedures and contain particularized standards that eliminate the prison official's discretion. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987).
 
 
 10
 Abate's complaint contained the following allegations. On April 23, 1990, defendant Pickard several times refused to give him a hall pass to the property room of the prison. The same day, he filed a grievance against Pickard. Abate alleged that he received the hall pass on April 24, but that the grievance and grievance appeal processes violated his right to due process because they did not result in administrative action against Pickard and did not allow for the testimony of CSO Harris, another prison official. Abate attached to the complaint a copy of the grievance appeal decision, which stated that after interviewing Pickard and CSO Mazur, Lt. Cluff had determined that Pickard's actions were proper. Abate also attached a supplemental appeal decision by Director Samuel A. Lewis.
 
 
 11
 As the district court found, Abate received a review of his grievance; therefore, he was not denied his right to due process. See Hernandez, 833 F.2d at 1318; Toussaint, 801 F.2d at 1089. Accordingly, the district court did not err by dismissing this due process claim. See Kruso, 872 F.2d at 1421.
 
 C. Judgment on the Pleadings
 
 12
 We review de novo the district court's decision to enter judgment on the pleadings. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980) (per curiam).
 
 
 13
 A prisoner has the right to call witnesses at a prison disciplinary hearing. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Moreover, due process requires that "some evidence" support a disciplinary decision. Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir.1990) (citing Superintendent v. Hill, 472 U.S. 445, 454-56 (1985)), cert. denied, 112 S.Ct. 213 (1991). Nevertheless, to state a claim under 42 U.S.C. § 1983, a plaintiff must identify which defendant has committed an alleged constitutional violation and plead facts affirmatively linking that defendant to the violation. Rizzo v. Goode, 423 U.S. 362, 371-72 (1976); Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 14
 In his complaint, Abate claimed that his due process rights were violated at a disciplinary hearing because the disciplinary committee was prejudiced against him and failed to call several of his witnesses. However, he did not identify which defendants were responsible for these violations. Accordingly, the district court did not err by granting the defendants' motion for judgment on the pleadings. See Rizzo, 423 U.S. at 371-72; Leer, 844 F.2d at 631.
 
 II
 Amendment of Complaint
 
 15
 Abate contends that the district court erred by ignoring his request to amend his complaint to name additional defendants and make additional claims. This contention lacks merit.
 
 
 16
 After an answer is filed, a plaintiff may amend the complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We review the district court's denial of leave to amend for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 
 
 17
 In his response to the defendants' motion for judgment on the pleadings, Abate stated: "Plaintiff was waiting for the Court to grant his motion, for consolidate, then to amend his complaint to add the names of new parties, but the Court have not done so, plaintiff is preparing new civil action, which will named disciplinary committee members and diciplinary Officer." He also asked the district court to permit him to amend his complaint "to add the name of new parties, who are liable in this action, as well to extend plaintiff's complaint by listing additional violations by the defendants in this action and by new parties."
 
 
 18
 Because Abate did not explain which defendants and claims he wished to add, the district court did not abuse its discretion by failing to permit him to file an amended complaint. See Texaco, Inc., 939 F.2d at 798.
 
 III
 Recusal Motion
 
 19
 Abate contends that the district court erred by denying his recusal motion. This contention lacks merit.
 
 
 20
 We review the district court's ruling on a recusal motion for an abuse of discretion. United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989), cert. denied, 497 U.S. 1003 (1990). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quotation omitted). "In order to state a successful case for recusal, however, a party must allege bias or prejudice stemming from an extrajudicial source." Id.
 
 
 21
 Abate's recusal motion discussed the district court's dismissal of another case, granting of a motion to amend an injunction, and failure to rule on other motions. The recusal motion did not allege bias stemming from an extrajudicial source. Accordingly, the district court did not abuse its discretion by denying the recusal motion. See id.
 
 IV
 Pending Motions
 
 22
 Abate has filed a motion for injunctive relief regarding actions by prison authorities while this appeal was pending. Appellees have moved to strike Abate's motion. Abate's allegations do not concern the claims raised in the action at issue in this appeal. Accordingly, the motion is denied.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Abate concedes in his reply brief that the district court properly dismissed his claims raised on behalf of another prisoner