15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rex WESTON, Plaintiff-Appellant,
v.
Louis EASTER, Superintendent, Spring Creek Correctional
Center, in his individual and official capacity,
Defendant-Appellee.
 No. 93-35632.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rex Weston, an Alaska state prisoner, appeals pro se the district court's order granting the defendant's motion for summary judgment in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 Weston contends that defendant Easter violated his fourteenth amendment rights to due process by failing to articulate specific objective facts which would justify Weston's assignment to administrative segregation. This contention lacks merit.
 
 
 4
 In opposing a summary judgment motion, the adverse party may not rely upon the mere allegations of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted).
 
 
 5
 "Liberty interests protected by the Fourteenth Amendment may arise from two sources--the Due Process Clause itself and the laws of the States." Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (citing Hewitt v. Helms, 459 U.S. 460, 466 (1983)). State law establishes a liberty interest if it contains mandatory language which places substantive limitations on the exercise of official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Smith v. Noonan, 992 F.2d 987, 989 (9th Cir.1993). The state law standards must eliminate all discretion in order to create a liberty interest. Hernandez, 833 F.2d at 1318.
 
 
 6
 Here, the supervising officer of Weston's housing unit determined that Weston represented a substantial and immediate threat to the security of the facility after Weston left a threatening note on a correctional officer's desk. On October 3, 1990, the supervising officer recommended that Weston be temporarily assigned to administrative segregation, pending a classification hearing. Defendant Easter concurred with this recommendation. On October 8, 1990 the classification committee conducted a hearing and recommended that Weston's custody level be increased to maximum security. Defendant Easter approved this recommendation and Weston was assigned to maximum custody housing where he remained until he left the institution on February 20, 1992.
 
 
 7
 Weston has not shown a violation of his due process rights because neither the due process clause nor state law provide him with a protected liberty interest. First, the Constitution does not provide Weston with a liberty interest either in remaining free from administrative segregation or in receiving a particular classification status. See Smith, 992 F.2d at 989 (Constitution provides no liberty interest in freedom from administrative segregation); Hernandez, 833 F.2d at 1318 (prisoner has no constitutional right to particular classification status). Second, Alaska law does not create a liberty interest either in remaining free from administrative segregation or from receiving a particular classification status. See Alaska Admin.Code tit. 22 Sec. 05.485 (July 1991) (administrative segregation); Alaska Admin.Code tit. 22 Secs. 05.200 and 05.216 (July 1991) (classification). Under Alaska law, both the decision to assign an inmate to administrative segregation and the decision to change an inmate's classification status are within the discretion of the prison officials. See Alaska Admin.Code tit. 22 Sec. 05.485 ("[a] prisoner may be assigned to administrative segregation ..."); Alaska Admin.Code tit. 22 Sec. 05.200 (classification to be guided by principles of placement in least restrictive setting considering security need, special needs of prisoner and other available resources of department).[1] Accordingly, the district court properly granted defendant Easter's motion for summary judgment since Weston failed to establish a protected liberty interest. See Celotex, 477 U.S. at 323; Smith, 992 F.2d at 989; Hernandez, 833 F.2d at 1318.
 
 
 8
 Weston also contends that his confinement in administrative segregation violated the cruel and unusual punishment clause of the eighth amendment. Weston raised this claim for the first time in his appellate brief. As no facts pertaining to this allegation were presented to the district court, we cannot consider them on appeal. See Hernandez, 833 F.2d at 1319.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alaska Admin.Code tit. 22 Sec. 05.216(c) appears to contain mandatory language because "the decision as to custody and security status must be based on the factors contained in the [classification] form." However, the actual classification determination is discretionary because the classification committee makes a recommendation based on the various factors and the Superintendent may approve or disapprove this recommendation. Thus, the standards do not eliminate all discretion. See Hernandez, 833 F.2d at 1318