39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Wolf SEGAL, Plaintiff-Appellant,
v.
Jeffrey BILLER, Defendant-Appellee.
 No. 94-35448.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Wolf Segal, a federal prisoner, appeals pro se the district court's dismissal of his civil rights action against a prison official as frivolous pursuant to 28 U.S.C. Sec. 1915(d).[1] Segal alleged that his due process rights were violated when he was denied a "waiver of travel limit" on a furlough. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal of an action as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In his complaint, Segal alleged that he was denied a waiver of travel limitation on a furlough without due process. Segal claimed that his right to such a waiver "vested" when he allegedly was promised "anything ... the law allows" in exchange for his assistance in the clean-up and repair of damage caused by a prison riot. On appeal, Segal argues that his right to the waiver vested as part of a "unilateral contract" under which he performed his obligations by assisting in the clean-up and repair of the prison. This contention lacks merit.
 
 
 5
 Protected liberty interests may arise either from the Due Process Clause itself or from statutory or regulatory provisions. Hewitt v. Helms, 459 U.S. 460, 466 (1983). A regulation generally does not create a liberty interest unless it "establish[es] 'substantive predicates' to govern official decision-making" and "contain[s] 'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989) (quoting Hewitt, 459 U.S. at 471-72); see Mendoza v. Blodgett, 960 F.2d 1425, 1428-29 (9th Cir.1992), cert. denied, 113 S.Ct. 1005 (1993). Published prison regulations that sufficiently limit the exercise of official discretion also may create a protected interest. Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985). Mere guidelines used to structure the exercise of discretion in making release decisions, however, do not create a protected interest. Id. Instead, there must be "particularized standards or criteria [that] guide the ... [prison's] decisionmakers" and "eliminate all discretion." Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (internal quotations omitted).
 
 
 6
 Here, Segal has no independent constitutional right to a furlough. See Baumann, 754 F.2d at 843. In support of his claim of entitlement to a "waiver of travel limit," Segal cites to 28 C.F.R. Sec. 570.34(e). Section 570.34 generally sets out eligibility requirements for furloughs. 28 C.F.R. Sec. 570.34. Section 570.34(e)(5) provides only that "[t]he Warden may approve an overnight furlough outside the institution's commuting area." Id. at Sec. 570.34(e)(5) (emphasis added). The remaining provisions of section 570.34 merely structure the exercise of discretion by the warden to grant furloughs and in no way eliminate such discretion. Thus, section 570.34 does not create a constitutionally protected interest in a waiver of travel limitations as pertaining to furloughs. See Baumann, 754 F.2d at 844. Additionally, as the district court correctly noted, an oral promise does not create a protected interest in light of clear regulatory language granting the warden discretion to grant a furlough outside of specified guidelines. See Davis v. Oregon State Univ., 591 F.2d 493, 496 (9th Cir.1978).
 
 
 7
 Accordingly, because Segal's claim lacks an arguable basis in law, the district court did not abuse its discretion by dismissing his action as frivolous. See Denton, 112 S.Ct. at 1734.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Segal alleges a violation of 42 U.S.C. Sec. 1983, because the defendant was acting under color of federal law, not state law, Segal's claim is more properly characterized as a constitutional tort claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 (9th Cir.1987)
 
 
 [2]
 Segal's motion to file an amended brief is granted. The amended brief received July 15, 1994 is deemed filed