46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. CUMMINGS, Plaintiff-Appellant,
v.
Samuel LEWIS, Director, A.D.O.C., et al., Defendants-Appellees.
 No. 94-16280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William S. Cummings, an Arizona state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. Sec. 1983 action. Cummings contends that his constitutional rights were violated when he was treated as a maximum security inmate during a hospital stay. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989), and affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (quotation omitted).
 
 
 4
 Cummings contends that hospital security guards changed his security classification without due process. This contention lacks merit.
 
 
 5
 A prisoner has no constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Transfer to a more restrictive environment is within the terms of confinement contemplated by a prison sentence. See Montanye v. Haymes, 427 U.S. 236, 242 (1976). The due process clause itself does not create a liberty interest in a particular classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Moreover, state prison regulations do not create a protected liberty interest unless they establish substantive predicates and use explicitly mandatory language to limit prison officials' discretion. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1986) (Arizona statutes and prison regulations lack mandatory language necessary for creation of a liberty interest).
 
 
 6
 Therefore, we conclude that Cummings has no liberty interest in his classification, either through the due process clause itself, see Moody, 429 U.S. at 88 n. 9, or through Arizona prison regulations which give prison officials wide discretion to change a classification, see Kentucky Dep't of Corrections, 490 U.S. at 463; see also Arizona Dep't of Corrections Classification Operating Manual, chap. 3(i) (July 1, 1992). Thus, the district court properly granted summary judgment for defendants on this claim. See Hewitt v. Helms, 459 U.S. 460, 467 (1983) (not every "substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause"); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) ("[s]weeping conclusory allegations will not suffice to prevent summary judgment").
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that Cummings was not deprived of any constitutional right, we do not reach the merits of his arguments regarding the evidence considered by the district court