46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry B. BALISOK, Plaintiff-Appellant,
v.
Timothy BOUTZ, Director of Education, WWCC-North Campus, et
al., Defendant-Appellee.
 No. 93-35516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry B. Balisok, a Washington state prisoner, appeals pro se the district court's dismissal of his civil rights action against the defendants, prison officials and members of the Walla Walla Community College's ("WWCC") staff, as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Balisok alleged that his first and fourteenth amendment rights were violated when the defendants prepared false reports on him and eventually dropped him from a WWCC sociology course in retaliation for his complaints about the teacher. Balisok also contends that he was erroneously given a B grade instead of an A in another sociology class and that the defendants deprived him of personal property, college catalogs, without due process or compensation. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissal of an action as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases, where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 A. Denial of Educational Opportunities
 
 4
 In his complaint, Balisok alleged that his removal from the WWCC class denied him his constitutionally protected right to education. This contention lacks merit.
 
 
 5
 A due process claim requires that the plaintiff is deprived of a constitutionally protected liberty or property interest. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985). A protected liberty interest may arise either from the Due Process Clause itself, or from the laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Prisoners do not have a liberty interest in education or rehabilitation under the Due Process Clause, Rizzo, 778 F.2d at 530; Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982), nor under Washington state law, Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir.1987).
 
 
 6
 Accordingly, the district court did not abuse its discretion by finding that Balisok had no cognizable liberty interest claim stemming from his alleged denial of educational opportunities.[1]
 
 B. Equal Protection Claim
 
 7
 Balisok contends that his dismissal from a WWCC sociology class was a denial of equal protection because another inmate in the class engaged in the same type of disruptive behavior and was not dropped from the class. This contention also lacks merit.
 
 
 8
 Prisoners are protected under the Equal Protection Clause against invidious discrimination. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Lee v. Washington, 390 U.S. 333, 334 (1968). Conclusory allegations, however, by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977). Moreover, when a suspect class is not implicated the court must determine whether the alleged discrimination is " 'patently arbitrary and bears no rational relationship to a legitimate governmental interest.' " Vermouth v. Corrothers, 827 F.2d 599, 602 (9th Cir.1987) (quoting Young v. United States Parole Comm'n, 682 F.2d 1105, 1109 (5th Cir.), cert. denied, 459 U.S. 1021 (1982)).
 
 
 9
 Here, Balisok failed to allege that he is a member of a protected class or that the defendants' actions were the result of purposeful or invidious discrimination. See Village of Arlington Heights, 429 U.S. at 265; Wolff, 418 U.S. at 556; Lee, 390 U.S. at 334. Moreover, maintaining order in a prison classroom setting is a legitimate governmental interest. See Vermouth, 827 F.2d at 602. Given these circumstances, the district court did not abuse its discretion by dismissing Balisok's equal protection claim as frivolous. See Denton, 112 S.Ct. at 1734.
 
 C. Retaliation
 
 10
 Balisok contends that defendants filed false reports, limited his access to the educational unit, and dropped him from a WWCC sociology class in retaliation for his criticisms of a WWCC teacher in violation of his first amendment right to freedom of expression.
 
 
 11
 Prison officials may not retaliate against an inmate for the exercise of a constitutional right. Rizzo, 778 F.2d at 532. To state a cognizable claim for retaliation, a prisoner must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution." Id.; White v. Roper, 901 F.2d 1501, 1504) (9th Cir.1990). Absent factual support, bare allegations of retaliation are not enough to avoid dismissal. Rizzo, 778 F.2d at 532 n. 4.
 
 
 12
 Moreover, because Balisok is a prisoner, his "rights may be permissibly restricted by prison authorities because of the need to maintain order ... and discipline, maintenance of institutional security, and rehabilitation of prisoners." Id. at 532 (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)). Thus to succeed on a retaliation claim, a prisoner must do more than allege retaliation by prison authorities because of the prisoner's exercise of a constitutionally protected right; the prisoner must show that the "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id.
 
 
 13
 Here, Balisok states in his complaint that he was continually correcting the teacher's "multitude of [spelling, punctuation, and grammar] errors daily." Moreover, Balisok states in the complaint that the teacher stated that he had received complaints from other students about Balisok's disruptive behavior. Balisok, however, contends that his constant comments did not interrupt or disturb the class. As stated above, maintaining an orderly classroom learning environment is a legitimate penological interest and provides a basis for the defendants' decision to remove Balisok from the class and to limit his access to the prison's educational facilities. Accordingly, the district court did not abuse its discretion by dismissing Balisok's retaliation claim as frivolous. See Denton, 112 S.Ct. at 1734; Rizzo, 778 F.2d at 532.
 
 D. Denial of Personal Property
 
 14
 Balisok contends that prison officials confiscated his college catalogs and that he was forced to "donate" them to the prison library in order to have access to them.
 
 
 15
 Negligent or intentional unauthorized deprivation of property by state officials does not state a cognizable cause of action under section 1983 if the plaintiff has an adequate post-deprivation state remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt, 451 U.S. at 544.
 
 
 16
 Here, Balisok has an adequate state court remedy. Accordingly, Balisok's claim lacks an arguable basis in law and the district court did not abuse its discretion by dismissing this claim as frivolous. See Denton, 112 S.Ct. at 1734.
 
 E. Balisok's Grade
 
 17
 Finally, Balisok contends that he deserved an A instead of a B in the sociology course and that the court should have ordered his WWCC teacher to change his grade. This contention lacks merit. Student grades and evaluations are academic decisions and as such are not generally appropriate for judicial review and interference unless they are "a substantial departure from accepted academic norms." See Regents of the University of Michigan v. Ewing, 474 U.S. 214, 225-26 (1985). Given the allegations contained in Balisok's complaint, the district court did not abuse its discretion by dismissing this claim. See Denton, 112 S.Ct. at 1734.
 
 F. Pendent State Law Claims
 
 18
 The district court has jurisdiction to hear pendent state law claims if the state and federal claims arise from "a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). The practice in this circuit, however, is to dismiss the state law claims if all the federal claims are dismissed before trial. See Danner v. Himmelfarb, 858 F.2d 515, 523 (9th Cir.1988), cert. denied, 490 U.S. 1067 (1989). Accordingly, the district court was not required to hear Balisok's pendent state law claims and did not abuse its discretion by dismissing those claims. See Notrica v. Board of Supervisors, 925 F.2d 1211, 1215 (9th Cir.1991).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Similarly, because Balisok has neither a constitutional nor a state-created right to attend WWCC classes, he was not denied due process by his removal from the class without prior notice and an opportunity to be heard. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (inmate has no legitimate statutory or constitutional right to rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials)