Frank V. HERNANDEZ,
Plaintiff/Appellant,

v.

Denny JOHNSTON; Tom Ahearn; Jim Rogers; John McCain; Chuck Houser; Al Scamahorn; Dan Snyder; William Callahan; Bob Benn, Defendants/Appellees.

No. 86–4229.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 1987 *.

Decided Dec. 7, 1987.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a) because the arguments are adequately presented by the briefs.

Kathy L. Nolan, Asst. Atty. Gen., Corrections Div., Olympia, Wash., for defendants-appellees.

Frank V. Hernandez, pro se.

Before HUG, BOOCHEVER and BRUNETTI, Circuit Judges.

BOOCHEVER, Circuit Judge:

Appellant Frank Hernandez, a state prison inmate, appeals *pro se* the district court's grant of summary judgment to staff members of the McNeil Island Corrections Center (MICC) in Steilacoom, Washington. Hernandez' civil rights action under 42 U.S.C. § 1983 (1982) alleged, *inter alia*, that certain statements in his prison file were false and deprived him of liberty without due process. We affirm the district court's judgment.

## I. BACKGROUND

Hernandez was incarcerated at MICC after being convicted of second-degree burglary in a Washington state court in April 1983. He filed a section 1983 action against Johnston, his correctional counselor, in May 1985 in the United States District Court for the Western District of Washington. Hernandez sought injunctive relief and $60,000 in both actual and exemplary damages. He stated his claim as follows:

> Comments such as 'violent,' 'criminal record,' 'need for structured setting' all give rise to negative ongoing implications, that can have negative legal, social, psychological, financial, etc., effects on the person to whom they are attached....
>
> I want the court to put a stop to the prison policy of using pseudo-legalistic, psychological, etc., terms against prisoners, without due process findings of records....

Hernandez' suit centers on the "violent offender" status noted in his Washington Department of Corrections "Classification Referral/Progress Report." Hernandez contends that since his burglary offense was nonviolent, the classification is incorrect. A written request to have the notation removed from his prison file was denied in December 1985.

Johnston, who is in charge of Hernandez' file, stated in an affidavit that "violent offender" status is based on an inmate's criminal history, not his current offense. Johnston said he designated Hernandez as violent because of two prior convictions for battery, one for attempted forcible rape, and one for assault with a deadly weapon, listed on Hernandez' FBI "Rap Sheet."

Hernandez was granted permission in March 1986 to join MICC officials Tom Ahearn, Jim Rogers, John McCain, Chuck Houser, Al Scamahorn, Dan Snyder, William Callahan, and Bob Benn as defendants in his section 1983 suit. While the action was pending, Hernandez filed a "directed verdict" motion in the district court. The defendants opposed the motion and filed a "request for judgment," and in June 1986 the matter was referred to United States Magistrate Franklin D. Burgess pursuant to 28 U.S.C. § 636(b)(1)(B) (1982).

Magistrate Burgess treated the parties' papers as cross-motions for summary judgment and concluded that Hernandez' constitutional rights had not been violated. The magistrate's report and recommendation was approved and adopted by District Judge Jack E. Tanner, who entered judgment on September 8, 1986.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir.1987). "Therefore ... this court sits in the same position as the district court and applies the same summary judgment test that governs the district court's decision." *Id.* at 630.

Under Fed.R.Civ.P. 56(c), summary judgment is proper if there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. The "materiality" of a fact is determined by the substantive law governing the claim or defense. *T.W. Elec. Serv.*, 809 F.2d at 630.

## III. DISCUSSION

■ In order to state a claim under section 1983, Hernandez must show: (1) the defendants acted under color of law, and (2) their conduct deprived him of a constitutional right. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc), *cert. denied,* — U.S. —, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986). "Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." *Hewett v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868–69, 74 L.Ed.2d 675 (1983).

State regulatory measures that impose "substantive limitations on the exercise of official discretion" may create a liberty interest. *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 844 (9th Cir. 1985). Mere guidelines do not create a protected interest. Instead, a plaintiff must show " 'that particularized standards or criteria guide the State's decisionmakers.' " *Id.* (quoting *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983)). These standards "must eliminate all discretion." *Bauman,* 754 F.2d at 844.

### A. Inmate Classification Status

■ Magistrate Burgess correctly concluded that "a prisoner has no constitutional right to a particular classification status." In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 471 (1976), the Supreme Court, in a footnote, expressly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections. 429 U.S. at 88 n. 9, 97 S.Ct. at 279.

The Court's reading of the Due Process Clause of the Fifth Amendment in *Moody* leads to a similar conclusion under the Fourteenth Amendment in this case. Nor

is such a right created by Washington state law. Wash.Rev.Code Ann. Chapter 72.13, which governs classification, does not impose particularized standards or criteria sufficient to satisfy *Baumann,* 754 F.2d at 844. The Supreme Court of Washington, analyzing analogous statutory and regulatory provisions, has held that a state prisoner does not have a liberty interest in a particular classification status. *In re Dowell*, 100 Wash.2d 770, 773–74, 674 P.2d 666, 668 (1984) (en banc).

A different question might be presented if a prisoner's classification adversely affected his eligibility for parole or good time credits. We expressly decline to decide that issue.

### B. Prison Record Information

■ Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.

The Washington State Criminal Records Privacy Act, Wash.Rev.Code Ann. §§ 10.-97.010–120 (1980), and the regulations promulgated under it, Wash.Admin.Code §§ 446–20–010–450 (1983), grant a limited right to inspect and correct erroneous records. *See* Wash.Rev.Code Ann. § 10.97.080 (1980); Wash.Admin.Code §§ 446–20–070, 120, 140–50 (1983). Detailed regulations outline the time, place, and manner in which challenges may be made and are the type of "substantive limitations on the exercise of official discretion" that create liberty interests. *Baumann,* 754 F.2d at 844.

The Washington state law provisions do not apply to Hernandez' claim, however, for at least two reasons. First, even if Hernandez' December 1985 memorandum to MICC Correctional Unit Supervisor Houser requesting removal of the "violent offender" status from his classification report fulfilled the regulatory requirements, the "information" Hernandez questions is not subject to challenge under Washington law. The state provisions apply only to "criminal history record information," which is limited to:

identifiable descriptions and notations of arrests, detentions, indictments, informations, or other formal criminal charges, and any dispositions arising therefrom, including sentences, correctional supervision and release....

Wash.Admin.Code § 446–20–070 (1983). Hernandez has not challenged the accuracy of his FBI "Rap Sheet," which formed the basis of the statements in his file. Opinions and evaluations such as a "violent offender" characterization do not constitute "criminal history record information."

Second, Hernandez has not otherwise filed a formal, written inspection request and record challenge with the appropriate state criminal justice agency, nor satisfied the procedural prerequisites of Wash.Admin.Code §§ 446–20–080, 090, and 120 (1983).

Because Washington law provides a liberty interest in accurate prison record information in the proper case, we do not reach the question of whether in the absence of the statute, such a right is "grounded in the due process clause" itself. *Paine v. Baker,* 595 F.2d 197, 199 (4th Cir.), *cert. denied,* 444 U.S. 925, 100 S.Ct. 263, 62 L.Ed.2d 181 (1979).

### C. Other Allegations

Hernandez accused the MICC staff members of a variety of additional acts of unlawful conduct in his directed verdict motion. Even allowing this motion to supplement the *pro se* plaintiff's complaint, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), none of these claims rises to a constitutional level and forms the basis of a section 1983 action.

First, Hernandez' libel and slander claims against MICC Education Director Benn are precluded by *Paul v. Davis,* 424 U.S. 693, 699–701, 96 S.Ct. 1155, 1159–61, 47 L.Ed.2d 405 (1976). Second, neither the due process clause nor Washington law creates a liberty interest in prison education or rehabilitation classes. *See Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir.1985); Wash.Rev.Code Ann. § 72.09.010 (1980). Third, the statutes cited by Her-

nandez in support of his conspiracy allegations provide criminal, not civil, sanctions. 18 U.S.C. §§ 241–42, 245 (1982).

Fourth, Hernandez' claims of inadequate training or supervision of prison employees are based on negligent conduct, which does not implicate the due process clause. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663–64, 88 L.Ed.2d 662 (1986). Fifth, no facts are stated to support a violation of the Freedom of Information Act. 5 U.S.C. § 552 (1982). Sixth, no Washington statutes or regulations are cited creating a liberty interest in having incidence reports of inmate infractions written exclusively by full-time correctional staff.

Finally, in his appellate brief, Hernandez raises for the first time claims under the Equal Protection Clause of the Fourteenth Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, and regulations promulgated by the Washington Corrections Standards Board. No facts pertaining to these allegations were presented to the district court and we cannot consider them here. *Helm v. California,* 722 F.2d 507, 510 (9th Cir.1983).

The judgment of the District Court is AFFIRMED.