967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. ALEXANDER, Plaintiff-Appellant,
v.
Gail FRANK, Bonnie Majak, and Virginia Krause, Defendants-Appellees.
 No. 91-35587.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided June 30, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael L. Alexander, an Alaska state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in Alexander's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 
 3
 Alexander contends that he was denied due process and equal protection and subjected to cruel and unusual punishment while he was a pretrial detainee because prison officials classified him at the maximum security/maximum custody level and placed undue restrictions on him. These contentions lack merit.
 
 
 4
 Prisoners do not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Prison officials may subject a pretrial detainee "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). When determining whether the conditions imposed on a pretrial detainee constitute punishment.
 
 
 5
 [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."
 
 
 6
 Id. at 538 (citations omitted) (footnote omitted). "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 547 (citations omitted).
 
 
 7
 Here, Alexander was incarcerated pending a trial on charges of first degree murder and kidnapping. According to the defendants' affidavit, prison officials held an initial classification hearing and classified Alexander at the maximum security/maximum custody level "due to the nature of his crime, the significant publicity it had aroused, his violent criminal history and the fact that the court had set a bail in the amount of $1,000,000.00, indicating the level of threat Mr. Alexander posed to the public and his potential for flight," and the limitations on security at the Fairbanks Correctional Center. Moreover, Alexander subsequently received numerous classification hearings before he was sentenced, and prison officials reduced the restraints placed on him when they determined that his threat to the safety and security of the prison facility had decreased.
 
 
 8
 Accordingly, because prison officials classified Alexander based on the legitimate governmental purpose of ensuring the safety and security of the prison facility, Alexander was not subjected to cruel and unusual punishment, nor denied his rights to due process and equal protection. See Bell, 441 U.S. at 536-38, 547; Hernandez, 833 F.2d at 1318.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3