967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Bernard COLEY, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 Nos. 90-15967, 90-16416.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Melvin Bernard Coley, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendants in Coley's 42 U.S.C. § 1983 action. We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 Lockdown and Disciplinary Hearing
 
 3
 Coley contends that he was denied due process and equal protection because prison officials placed him in lockdown without cause. This contention lacks merit.
 
 
 4
 Coley was placed in lockdown on December 31, 1987, for threatening a member of the prison staff. Within twenty-four hours of the incident, Coley received a notice of the rule violation. According to the defendants' affidavit, a prison official held a preliminary hearing on January 5, 1988. A hearing on the alleged violation was scheduled for January 11, 1988, but it was continued because the reporting officer was not available. The hearing was held on January 21, 1988, at which a disciplinary committee found Coley guilty of the rule violation. Coley filed an appeal on February 4, 1988, in which he challenged the merits of the committee's decision.
 
 
 5
 Coley received all of the process that he was due. He received notice of the charge against him, a reasonably prompt hearing and an opportunity to be heard, and a written statement explaining the basis for the disciplinary action. Accordingly, Coley was not denied due process or equal protection. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 Classification
 
 6
 Coley contends that he was denied his constitutional rights because prison officials immediately placed him on lockdown status upon his arrival at the prison without explanation and conducted an improper initial classification hearing. These contentions lack merit.
 
 
 7
 Prisoners do not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). "Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 536-37 (1979).
 
 
 8
 Here, Coley arrived at the Alhambra Intake Facility on September 3, 1987, pursuant to a sentence of life imprisonment for conspiracy to commit first degree murder. According to the defendant's affidavits, Coley was immediately transferred to the Florence Central Unit (FCU) and placed on lockdown status to protect himself, the staff, and other inmates. The transfer and lockdown were part of a standard prison policy for prisoners serving life sentences. On September 9, 1987, before prison officials were able to conduct an initial classification hearing, Coley was transferred to the custody of the Pima County Superior Court for a court appearance. He was returned to FCU on November 19, 1987. On November 20, 1987, Coley received a classification hearing before a classification supervisor, who recommended that Coley remain on lockdown status. On February 4, 1988, Coley received a hearing before the full classification committee.
 
 
 9
 Given the prison's classification policy for prisoners serving life sentences, and the legitimate goal of ensuring the safety of the prison staff and inmates, prison officials did not deny Coley due process or equal protection when they placed him on lockdown status. Moreover, given the length of Coley's sentence, the fact that Coley spent two months outside of the prison's custody, and the fact that Coley received a hearing before the full classification committee, the prison's classification process did not deprive Coley of due process or equal protection. See id.; Hernandez, 833 F.2d at 1318.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3