978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
Patrick COLTON, Correctional Counselor, Washington
Corrections Center; Nancy Swenson, Psychologist, Washington
Corrections Center; Maggie Miller, Review Committee
Chairperson, Washington Corrections Center; Sam Cannon,
Correctional Counselor, Washington Corrections Center,
Defendants-Appellees.
 No. 91-36206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 29, 1992.*
Decided Nov. 2, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey L. Beagle II, a Washington state prisoner, appeals pro se a summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 civil rights action. We affirm.
 
 
 3
 Beagle asserted three claims: (1) he was entitled to correct what he alleges to be false information in his prison file; (2) he was denied meaningful access to the courts; and (3) he was denied medical treatment in violation of the eighth amendment. All of these claims are Beagle's conclusions.
 
 
 4
 While Washington State has not created a liberty interest for prisoners in unlimited editing of their prison records, Hernandez v. Johnston, 833 F.2d 1316, 1318-19 (9th Cir.1987), Beagle could have a right to redress if false information in his prison file were to be used against him. He has not asserted that he has been prejudiced, and his vague assertion that the file contains misinformation is premature.
 
 
 5
 The Constitution guarantees prisoners meaningful, not unrestricted, access to prison libraries or to alternative legal sources. Bounds v. Smith, 430 U.S. 817, 821 (1977). Prison officials allowed Beagle sufficient access to the prison library, and Beagle suffered no actual injury despite being denied as much fresh carbon paper as he wanted.
 
 
 6
 Finally, in order for a prisoner to show that his eighth amendment right was violated, a prisoner must demonstrate that he was treated with deliberate indifference to serious medical needs. Wood v. Housewright, 900 F.2d 1332, 1333 (9th Cir.1990). Beagle showed no more than a difference between his medical opinion and that of the prison director.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3