5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerardo RODRIGUEZ, Plaintiff-Appellant,
v.
Fred PEARCE; Frank Hall; Manfred Maass, Defendants-Appellees.
 No. 93-35092.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the District of Oregon, D.C. No. CV-91-6508-MRH(TMC); Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerardo Rodriguez, an Oregon state prisoner, appeals pro se the district court's award of summary judgment to the defendants in his 42 U.S.C. Sec. 1983 civil rights action. Rodriguez contends that while he was confined in the prison's disciplinary segregation unit (DSU), defendants Frank Hall, the director of the Oregon Department of Corrections,[1] and Manfred Maass, the prison superintendent, violated his constitutional rights by preventing him from purchasing envelopes, prohibiting him from smoking, failing to provide legal supplies and photocopying services, and failing to provide adequate procedures for redress of grievances. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's award of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial." Harper, 877 F.2d at 731 (citation omitted).
 
 
 4
 First, Rodriguez contends that the district court erred by finding that the defendants were not liable for preventing him from purchasing envelopes and thereby violating his first amendment right to correspond with others. This contention lacks merit.
 
 
 5
 Supervisors are liable under Sec. 1983 only if they personally participated in a constitutional violation, directed others in the violation, or knew or should have known about it and failed to act to prevent further harm. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 6
 In his complaint, Rodriguez alleged that DSU staff threw away his "canteen" order for envelopes. He alleged that he appealed to defendant Maass, who told him he could not place canteen orders until he had been in the DSU for thirty days. The defendants filed the affidavit of Officer Ralph Thomason, who stated that he processed the DSU canteen orders. Rodriguez filed a copy of Maass's response to his appeal. As the district court held, Maass's denial of Rodriguez's appeal does not establish that Maass knew about, and therefore was liable for, any constitutional violation regarding Thomason's failure to fill an envelope order. See Taylor, 880 F.2d at 1045.
 
 
 7
 Second, Rodriguez contends that the defendants violated his rights to due process and equal protection by prohibiting him from smoking in the DSU but permitting death row prisoners to smoke there. See Or.Admin.R. 291-11-060(10) ("Disciplinary segregation is a non-smoking area. Possession of smoking materials (e.g., matches, tobacco, etc.) is unauthorized possession of property."); Or.Admin.R. 291-93-015(5) ("Inmates on death row status may be allowed to smoke."). This contention lacks merit.
 
 
 8
 " '[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.' " Harper, 877 F.2d at 731 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." Nordlinger v. Hahn, 112 S.Ct. 2326, 2331-32 (1992).
 
 
 9
 Rodriguez argues that because the smoking ban impinges on his constitutional right to "freedom of choice," the defendants must show that the ban is reasonably related to legitimate penological interests. See Harper, 877 F.2d at 731. We find no authority supporting the existence of this right. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (prison regulations create a constitutionally protected liberty interest if they eliminate prison officials' discretion). Moreover, even if the smoking ban does impinge on a constitutional right, the ban is reasonably related to the legitimate penological interest of protecting other prisoners from tobacco smoke. See Helling v. McKinney, No. 91-1958, 61 U.S.L.W. 4648, 4650 (U.S. June 18, 1993) (exposing prisoners to tobacco smoke may violate eighth amendment). Death row prisoners are not situated similarly to other prisoners, and their impending execution is a reason to treat them differently. See Hahn, 112 S.Ct. at 2331-32. Accordingly, the district court did not err by granting summary judgment on Rodriguez's smoking claim.
 
 
 10
 Third, Rodriguez contends that the defendants denied him his constitutional right of access to the courts by failing to provide free legal supplies and photocopying services. This contention lacks merit.
 
 
 11
 "A right of access claim other than one alleging inadequate law libraries or alternative sources of legal knowledge must be based on an actual injury." Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991) (per curiam) (citing Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989)).
 
 
 12
 In his complaint, Rodriguez alleged that the defendants several times denied his requests for legal supplies such as paper, pens, postal stamps, and envelopes. He alleged that they charged him for these supplies and refused to provide free photocopying services. Michael Johnson, the DSU supervisor, stated in an affidavit that when prisoners arrived in the DSU, they received a pen and paper, and that they could order more supplies from the prison law library coordinator. MaryChris Robertson-Hande, the library coordinator, stated in an affidavit that the library filled DSU prisoners' requests for supplies and photocopying services within one or two days. She stated that there was a longer delay for a short time in the summer of 1991.
 
 
 13
 Prison regulations provide that prisoners who have money are charged for legal supplies. Or.Admin.R. 291-139-045(1) ("All costs of envelopes, postage, certified mail and photocopying will be charged to the inmate for whom these services are provided."). The regulations also provide that "[i]ndigent inmates will be provided services and their accounts will be debited to recover costs in the event funds are subsequently received from any source." Or.Admin.R. 291-139-045(3). Indigent inmates are provided with carbon paper rather than photocopying services unless they show that court rules require photocopies. Or.Admin.R. 291-139-040(5)(c).
 
 
 14
 Rodriguez did not present evidence of an actual injury, or an actual instance of a lack of legal supplies resulting in denial of access to a court. See Johnson, 948 F.2d at 521. In his complaint, he alleged that the defendants once refused to make photocopies for an appeal in this court. Rodriguez filed a copy of the denial of his photocopy request. Robertson-Hande's affidavit and prison appeal records stated that the photocopy request was denied because Rodriguez did not file all required documents with the request. Moreover, Rodriguez did not present any evidence that the lack of photocopies resulted in an actual denial of access to this court. See id.
 
 
 15
 Rodriguez contends that the "solvency" regulation, which requires indigent inmates to pay for legal supplies and photocopies with later-acquired funds, see Or.Admin.R. 291-139-045(3), is not reasonably related to legitimate penological interests as required by Turner, 482 U.S. at 89. This contention lacks merit because Rodriguez did not show that the solvency regulation impinged on his right of access to the courts. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987) (while prisons must provide inmates free postage stamps to mail legal documents and other means of access to courts, the "reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access"); Sands, 886 F.2d at 1169-71 (same).
 
 
 16
 Finally, Rodriguez contends that the defendants did not provide adequate procedures for the redress of grievances. This contention lacks merit.
 
 
 17
 In his complaint, Rodriguez alleged that defendant Pearce unreasonably delayed considering his grievance regarding the denial of his photocopy request. Prison regulations provide for grievance procedures. Or.Admin.R. 291-109-005 et seq. Rodriguez appears to claim either that these procedures are inadequate or that Pearce violated his right to due process by failing to follow the procedures.
 
 
 18
 "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.' " Zinermon v. Burch, 494 U.S. 113, 125 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Nonetheless, Rodriguez's assertion that Pearce delayed considering his grievance does not meet this standard.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's reply brief, received on July 2, 1993, is ordered filed
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On May 28, 1992, Frank Hall was substituted for Fred Pearce, the former director