46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnnie COOPER, JR., aka Bobby Smith, Plaintiff-Appellant,
v.
Elaine THOMAS, Defendant-Appellee.
 No. 94-35387.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Jan. 31, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnnie Cooper, Jr., a Washington state prisoner, appeals pro se the district court's summary judgment in favor of prison official Elaine Thomas in Cooper's 42 U.S.C. Sec. 1983 action. In his complaint, Cooper alleged that Thomas violated his constitutional rights by placing him in a more restrictive custody level. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review the grant of summary judgment de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir. 1992). We must determine whether the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir. 1989).
 
 
 4
 On appeal, Cooper contends that Thomas violated his due process rights by placing him in a more restrictive custody level without notice and hearing. This contention lacks merit.
 
 
 5
 A due process claim requires that the plaintiff be deprived of a constitutionally protected liberty or property interest. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985). A protected liberty interest may arise either from the Due Process Clause itself, or from the laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. Hewitt v. Helms, 459 U.S. 460, 468 (1983) (no constitutional right to a particular security classification or prison placement); Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Nor is such a liberty interest created under Washington state law. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).
 
 
 6
 Accordingly, the district court did not err by finding that Cooper had no cognizable claim stemming from his reclassification. See Hewitt, 459 U.S. at 468; Hernandez, 833 F.2d at 1319.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Cooper alleges for the first time on appeal that the defendant somehow violated his Miranda rights, we decline to consider this issue. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir. 1992) (declining to consider issue raised for the first time on appeal)