46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie James WILLIAMS, Plaintiff-Appellant,
v.
Edward SILVAS; Jeffrey Hood, Defendants-Appellees.
 No. 94-15698.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 3, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Eddie James Williams appeals pro se the district court's summary judgment for defendant prison officials in Williams's 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994), and we affirm.
 
 
 3
 Williams contends that defendants violated his right to due process under the Fourteenth Amendment by raising his institutional risk score and transferring him to another prison. This contention lacks merit.
 
 
 4
 To state a claim under section 1983, Williams must show that the defendants acted under color of law and their conduct deprived him of a right secured by the constitution. See Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). "The threshold question in due process analysis is whether a constitutionally protected interest is implicated." Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 843 (9th Cir. 1985). The Due Process Clause does not itself create a liberty interest in a particular classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).
 
 
 5
 Nevertheless, "[a] state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Baumann, 754 F.2d at 844. Prison regulations that sufficiently limit prison officials' exercise of discretion may create a protected interest. Id. But mere guidelines do not create a protected interest. Hernandez, 833 F.2d at 1318. Instead, the "prisoner must show 'that particularized standards or criteria guide the State's decisionmakers."' Id. (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983). "These standards 'must eliminate all discretion."' Hernandez, 833 F.2d at 1318 (quoting Bauman, 754 F.2d at 844).
 
 
 6
 Williams alleged that the Classification Operating Manual creates a protected liberty interest in one's institutional risk score. Specifically, he argued that absent a finding that he engaged in gang activity, extortion or drug trafficking, his institutional risk score could not be raised.
 
 
 7
 Arizona Department of Corrections ("ADOC") policy, however, describes the operating manual as a "publication which prescribes the guidelines and criteria to be used in administering the ... policy." Thus, the operating manual is a mere guideline and does not create a protected interest. See Hernandez, 833 F.2d at 1318.
 
 
 8
 Moreover, the ADOC policy states that classification overrides on institutional risk scores may be made when normal criteria do not adequately classify the inmate at the appropriate risk level. ADOC Internal Management Policy 500.1. As such, the policy gives prison officials broad discretion to raise an inmate's institutional risk score. In addition, Ariz. Rev. Stat. Ann. Sec. 41-1604(B)(2)(e) provides the director with the discretionary authority to transfer inmates between institutions. Thus, Arizona's prison policy and regulations lack the mandatory language necessary to create a liberty interest. See McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).
 
 
 9
 Because Williams does not have a liberty interest in his classification score or the prison facility of his choice, he has failed to establish any substantive or procedural rights which are protected by the Due Process Clause. See Hernandez, 833 F.2d at 1318; Daniels v. Williams, 474 U.S. 327, 331 (1986). Accordingly, the district court correctly granted summary judgment for the defendants.[1] Barnett, 31 F.3d at 815.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Williams raises two issues for the first time on appeal. First, he contends that the raising of his classification score will affect his parole eligibility. Next, he asserts that prison officials violated another prison regulation which prohibits placement of information in a prisoner's file from an incident in which he is found to be not guilty. As these issues were not raised below, they may not be considered for the first time on appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992)