65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman Paul FELTS, Petitioner-Appellant,
v.
James GOMEZ, Director of Corrections; Gail Lewis, Deputy
Warden; T. McAllister, Program Administrator; M.A.
Johnson, Counselor; A. NMI Infante, Deputy Warden;
Anderson, Dr., Chief Psychiatrist, Respondents-Appellees.
 No. 94-56199.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norman Paul Felts, a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Placement in Administrative Segregation
 
 3
 Felts contends that the district court erred by granting summary judgment for defendants on his claim that his placement in administrative segregation violated his due process rights. This contention lacks merit.
 
 
 4
 When a prisoner is facing segregation for administrative reasons, the due process clause only requires that the prisoner receive notice of the reasons for segregation, an informal and non-adversarial hearing within a reasonable time, and an opportunity to respond. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). After being placed in administrative segregation, the inmate is entitled to periodic review as to whether segregation should continue. See Hewitt, 459 U.S. at 477 n. 9.
 
 
 5
 Here, prison officials informed Felts he was going to be placed in administrative segregation because he was in the same quad as a co-defendant who had testified against Felts at trial and prison officials had obtained information that Felts might try to intimidate or assault the other prisoner. See id. at 473 (inmate safety is "perhaps the most fundamental responsibility of the prison administration"). Felts received notice of these charges, was present at an informal, non-adversarial hearing held four to five days after his placement in segregation[1] and was allowed to explain that he was on friendly terms with the other prisoner. After concluding that Felts should remain in segregation, prison officials periodically reviewed Felts's continued confinement in segregation.
 
 
 6
 Accordingly, the district court properly granted summary judgment for defendants on Felts's due process claim. See Hewitt, 459 U.S. at 472; Touissaint, 801 F.2d at 1100.[2]
 
 B. Revocation of Category J Status
 
 7
 Felts contends that the district court improperly granted summary judgment for defendants on his claim that prison officials conducted an inadequate psychiatric review before revoking his Category J status, which identified him as suffering from a severe mental illness and entitled him to certain services within the prison system, so that they could transfer him to any prison within the California state prison system. This contention lacks merit.
 
 
 8
 Prisoners do not have a constitutional right to a particular classification status. Moody v. Doggett, 429 U.S. 78, 88 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987). Moreover, prisoners do not have a right to be housed in a particular prison even where a transfer would result in "much more disagreeable" conditions of confinement. Meachum v. Fano, 427 U.S. 215, 225 (1976). Therefore, the revocation of Felts's Category J status and his subsequent transfer to another prison, without more, is insufficient to establish a constitutional violation.
 
 
 9
 Additionally, differences of opinion about the best course of medical treatment are insufficient to state a claim of deliberate indifference under the Eighth Amendment. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Therefore, the fact that Felts's psychiatric evaluations reached contrary results about whether or not Felts should be classified as a Category J inmate is insufficient to establish that the evaluations were constitutionally inadequate.
 
 
 10
 Finally, prison officials have a legitimate penological interest in the safety of inmates. See Hewitt, 459 U.S. at 473; Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). Here, even if prison officials revoked Felts's Category J status so that they could transfer him to any of the prisons in the California state prison system, they did so due to safety concerns.
 
 
 11
 Accordingly, the district court properly granted summary judgment for defendants on this claim.
 
 C. Adequacy of Discovery
 
 12
 Felts contends that the district court erred by granting summary judgment for defendants on his claim of deliberate indifference when he had requested a reopening of discovery. This contention lacks merit.
 
 
 13
 Where a litigant believes additional discovery is required to oppose a summary judgment motion, the litigant must submit an affidavit stating what information will be obtained and how that information will establish a genuine issue of material fact. Mission Indians v. American Mgmt. & Amusement, Inc., 824 F.2d 710, 716 (9th Cir.1987), cert. denied, 487 U.S. 1247 (1988). Although Felts filed a motion to reopen discovery and indicated that he would show that defendants knew that Felts would be at risk if he was transferred to another prison, his conjectures were not submitted in the form of an affidavit. See id. (placing emphasis on the necessity of submitting the request for additional discovery in the form of an affidavit). Felts did not present any other evidence that prison officials knew or should have known that transferring him to another prison would place him in danger of an assault.
 
 
 14
 Accordingly, the district court properly granted summary judgment for defendants on Felts' claim of deliberate indifference. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994) (prisoner must establish that prison official knew or should have known of risk of injury to establish claim of deliberate indifference); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994) (same), cert. denied, 115 S.Ct. 1695 (1995).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A five-day delay between placement in administrative segregation and the required hearing is reasonable. See Hewitt, 459 U.S. at 477
 
 
 [2]
 Because we conclude that defendants provided Felts with all the procedural protections he was due, we need not decide whether his three-and-a-half month stay in administrative segregation due to "enemy concerns" in his prison quad "impose[d] an atypical and significant hardship on [Felts] in relation to the ordinary incidents of prison life." See Sandin v. Conner, No. 93-1911, 1995 U.S. LEXIS 4069, at * 27-28 (June 19, 1995) (establishing new test for determining existence of liberty interest); Mujahid v. Meyer, no. 93-15449, slip. op. 8049, 8053 (July 10, 1995) (per curiam) (applying Sandin )