91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold SHAMBURGER, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 95-15196.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1996.*
Decided July 12, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Shamburger is an inmate in Pelican Bay State Penitentiary in California. Shamburger filed a habeas petition in California state court to expunge his prison record, which has several entries that he views as inaccurate. Defendant Marshall is the warden at Pelican Bay. The California State Superior Court and the California Supreme Court rejected Shamburger's habeas petition on the ground that he had not exhausted his state administrative remedies.
 
 
 3
 Shamburger then filed a petition for habeas corpus relief in the District Court for the Northern District of California. The District Court construed Shamburger's habeas corpus petition as a civil rights complaint under 42 U.S.C. § 1983. See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (district court has discretion to construe habeas petition attacking conditions of confinement as action under § 1983). Neither party disputes this interpretation on appeal.
 
 
 4
 The district court granted judgment against Shamburger pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that Shamburger's action was barred by res judicata, noting that Shamburger was making exactly the same claims in federal court as he had already made in state court. See Silverton v. Dep't of Treasury, 644 F.2d 1341, 1346-47 (9th Cir.1980) (state habeas petition may have res judicata effect on federal § 1983 suit if both are raising same claims). In order for a state prisoner to show a violation of any interest, protected by due process, in an accurate prison record, the prisoner must follow the state's administrative procedures to rectify the problematic record. Hernandez v. Johnson, 833 F.2d 1316, 1318-19 (9th Cir.1987).
 
 
 5
 In this case, the California state courts found that Shamburger had not exhausted his administrative remedies under California state law, and we are not permitted to relitigate that conclusion. See generally Charles A. Wright, et al., Federal Practice and Procedure § 4416 (1981). Shamburger has therefore not shown any violation of his federal rights to due process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3