122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny Robert GARCIA, Plaintiff-Appellant,
v.
G. Bonnie GARIBAY; G. Nakagawa; Steven Cambra, Jr.,
Warden, Defendants-Appellees.
 No. 97-15289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the Northern District of California. Maxine M. Chesney, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johnny Robert Garcia, a California state prisoner, appeals pro se the district court's dismissal of his civil rights action alleging that prison officials violated his due process rights when they relied on erroneous information contained in his probation report. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]
 
 
 3
 According to the allegations in Garcia's complaint, he attempted suicide on August 12, 1991 while being held in San Joaquin County Jail. Garcia's probation report stated that "information was later received [that Garcia] was faking, and attempted suicide in order to escape while being transported in an ambulance or at the hospital." At Garcia's sentencing hearing, the judge refused to strike this portion of the probation report, noting that the statement was only an opinion and not a statement of fact. Garcia was sentenced to two life sentences plus sixteen years. When classifying Garcia upon arrival at prison, the classification committee included in its report that Garcia "faked an attempted suicide in order to escape" while he was at San Joaquin County Jail.
 
 
 4
 Garcia contends that the classification committee's reliance upon this allegedly false information violated his due process rights. This contention is erroneous because Garcia has no liberty interest in his classification status. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987).[2]
 
 
 5
 Accordingly, we conclude that the district court did not err in dismissing Garcia's action.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed Garcia's action under the screening provision of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), which requires courts to dismiss the complaint if it is "frivolous, malicious, ... fails to state a claim ... [,] or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Because the district court's order dismissing Garcia's action did not contain any discussion indicating that the named defendants were immune from suit for damages, we conclude that the district court dismissed Garcia's action either because it was frivolous or because it failed to state a claim. We review for abuse of discretion a dismissal as frivolous, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and de novo a dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam)
 
 
 [2]
 Insofar as Garcia is contending that the allegedly erroneous information would affect his ability to obtain parole, we conclude both that the claim is premature and that the connection is too attenuated to give rise to a liberty interest. See Sandin v. Conner, 115 S.Ct. 2293, 2302 (1995)