**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAROLD HUNTER,

      Plaintiff - Appellant,

  v.

A. WELCHERT; et al.,

      Defendants - Appellees.

No. 08-55320

D.C. No. 2:05-cv-2484-MMM-JC

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

    Harold Hunter, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

tk/Research

officials improperly classified him, failed to provide him with mental health and medical treatment, and subjected him to improper conditions of confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Hunter's deliberate indifference claim concerning his treatment before his suicide attempt because there was no genuine issue of material fact as to whether the treatment Hunter received was medically unacceptable. *See id*, at 1058 ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard for an excessive risk to the prisoner's health.") (citation and internal quotation marks and brackets omitted).

The district court properly granted summary judgment on Hunter's Eighth Amendment and due process claims concerning his placement on C-Status because there was no genuine issue of material fact as to whether Hunter suffered a deprivation that would implicate a liberty interest or rise to an Eighth Amendment violation. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (concluding that only those deprivations that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" are subject to due process review);

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (explaining that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation") (internal citation and quotation marks omitted); *see also Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status.") (internal quotation marks omitted).

The district court properly granted summary judgment on Hunter's Eighth Amendment and due process claims concerning his placement and treatment while in the locked observation unit because Hunter did not make a material showing that any defendant directed, participated in, or had knowledge of his alleged mistreatment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.")

**AFFIRMED.**