**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL CUMMER, | No. 10-17740 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02702-MCE-DAD |
| v. | |
| JAMES E. TILTON, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Randall Cummer, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Resnick v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Cummer's claims arising from the temporary deprivation of his property because Cummer has an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (prisoner failed to state due process claim for deprivation of property because California law provides an adequate post-deprivation remedy). Moreover, Cummer failed to allege that the temporary deprivation of his legal property caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-51, 353 n.3, 354-55 (1996) (for access-to-court claim, prisoner must demonstrate that defendants' actions resulted in actual injury and hindered his efforts to pursue a non-frivolous legal claim challenging his sentence or conditions of confinement).

The district court properly dismissed Cummer's claims arising from his classification and transfer to a different prison because no liberty interest is implicated. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (prisoners have no liberty interest in avoiding being transferred to another prison); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status." (internal quotations marks omitted)).

The district court properly dismissed Cummer's claims arising from the processing of his grievances because prisoners do not have a "separate

constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Moreover, Cummer did not allege facts demonstrating that he was prevented from filing a prison grievance or that defendants retaliated against him for doing so. *See Rhodes v. Robinson*, 408 F.3d 559, 566-67 (9th Cir. 2005) (prisoners have First Amendment right to file prison grievances and retaliation against a prisoner for filing a grievance is a constitutional violation).

The district court properly dismissed Cummer's equal protection claims because Cummer failed to allege facts demonstrating that defendants acted with the intent to discriminate against him on the basis of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Cummer's remaining contentions are unpersuasive.

**AFFIRMED.**