**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCIS W. DAVIS, | No. 11-18078 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00859-GGH |
| v. | |
| M. MARTEL, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding[**]

Submitted September 10, 2012[***]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Francis W. Davis, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Davis consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations in connection with his placement in administrative segregation, his change in classification status, and the handling of his prison grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Davis's Fourteenth Amendment claims because Davis failed to allege facts sufficient to show the deprivation of a protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (requirements to demonstrate a protected liberty interest); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure"); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (prisoners have no constitutional right to a certain classification status).

To the extent that Davis sought to allege additional violations of his rights, they were properly dismissed because Davis's complaint did not contain a short

11-18078

and plain statement of those claims as required by Fed. R. Civ. P. 8(a). *See*

*McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint must make

clear "who is being sued, for what relief, and on what theory, with enough detail to

guide discovery").

**AFFIRMED.**