An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERNEST JORD GUARDADO,
Appellant,
vs.
INSPECTOR GENERAL; DIRECTOR
OF NEVADA DEPARTMENT OF
CORRECTIONS; AND THE STATE OF
NEVADA,
Respondents.

No. 60594

**FILED**

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a civil rights action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant filed a complaint in district court alleging that he was deprived of due process because he was improperly labeled an escape risk. He further asserted that he had lost his prison job as a result of this label. The district court dismissed the complaint, finding that appellant had failed to state a claim upon which relief could be granted. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that this court rigorously reviews a dismissal for failure to state a claim, accepting all factual allegations as true and affirming the dismissal only if it appears beyond doubt that appellant "could prove no set of facts, which, if true, would entitle [him or her] to relief").

On appeal, appellant contends that the district court erred by dismissing the complaint because the court failed to consider that he had a constitutional right to have incorrect information removed from his institutional file. An inmate, however, does not have a constitutional liberty interest in his prison classification. *See Hernandez v. Johnston*,

13-27957

833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). And neither NRS 179A.150 (providing for the inspection and correction of information contained in an individual's record of criminal history) nor NRS 179A.160 (permitting the removal of certain criminal records from a party's criminal history when the party has been acquitted of a charge or has received a favorable disposition regarding the charge) creates such an interest. Thus, the district court correctly concluded that appellant could not state a due process claim with regard to his being labeled an escape risk, as appellant did not identify a liberty or property interest that he was deprived of as a result of this classification. *See Pressler v. City of Reno*, 118 Nev. 506, 510, 50 P.3d 1096, 1098 (2002) ("The protections of due process only attach when there is a deprivation of a protected property or liberty interest."); *see also Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (recognizing that a prisoner does not have a property or liberty interest in prison employment under the due process clause); *Hernandez*, 833 F.2d at 1318 (explaining that a prisoner does not have a protected interest in his prison classification).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Todd Russell, District Judge
Ernest Jord Guardado
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A