**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD LEWIS DAVIS,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>J. T. SHARTLE, Warden,<br><br>             Respondent-Appellee. | No. 18-16935<br><br>D.C. No. 4:18-cv-00158-JGZ-BGM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

District of Columbia prisoner Donald Lewis Davis appeals pro se from the district court's order denying his motion to alter or amend the judgment in his 28 U.S.C. § 2241 habeas corpus proceeding. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In his section 2241 petition, Davis argued that the Bureau of Prisons' method of determining his security classification violates his constitutional right to due process. The district court dismissed the petition on the ground that Davis failed to state a claim because no federal due process right is implicated by a prison's classification decisions. Davis filed a motion to alter or amend the district court's judgment under Federal Rule of Civil Procedure 59(e). The district court did not abuse its discretion in denying Davis's Rule 59(e) motion because, contrary to his contention, Davis failed to demonstrate that the district court's conclusion was clearly erroneous or manifestly unjust. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)); *see also Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir. 1987) (no federal due process right implicated by a prison's classification decisions).

Because the scope of this appeal is limited to review of the September 6, 2018, order denying Davis's motion to alter or amend the judgment, we do not address the other issues Davis raises.

**AFFIRMED.**