Miles W. **DOSS**

v.

Thomas C. **RAPONE.**

Civ. A. No. 83–3013.

United States District Court, E.D. Pennsylvania.

Feb. 1, 1985.

Miles W. Doss, pro se.

Matthew S. Donaldson, Jr., Media, Pa., for defendant.

### MEMORANDUM AND ORDER

LUONGO, Chief Judge.

This is a *pro se* civil rights action filed by Miles W. Doss, an inmate incarcerated at Delaware County Prison. Afforded a liberal construction, plaintiff's complaint seeks damages and injunctive relief because he was placed in 22-hour lockup as a pretrial detainee and, later, as a convict. Defendant Rapone, former warden of Delaware County Prison, has filed a motion for summary judgment to which plaintiff has not responded. Because plaintiff is without an attorney I have examined this case for possible merit despite the absence of a response. I conclude that no genuine issue of material fact exists, and I will grant defendant's motion.

As described in the uncontroverted affidavits of defendant Rapone and the prison officials who initially decided to place plaintiff in 22-hour lockup, Delaware County Prison has an established set of criteria for determining the security classification of persons to be confined at that location. Individuals such as plaintiff who are classified as "maximum status" detainees are lodged in cellblock "D," an area of the prison in which, with several exceptions, prisoners are required to remain in their cells except for two hours of daily exercise. Individuals are assigned to cellblock "D" for various reasons that include the denial or setting of high bail and a history of violent or aggressive behavior on the part of the individual so confined.

The affidavits supporting defendant's motion for summary judgment demonstrate that plaintiff met at least two of the criteria for admission to cellblock "D." The District Justice who first remanded plaintiff to Delaware County Prison set plaintiff's bail at $100,000 (10%), greatly in excess of the prison's standard for high bail ($50,000). Moreover, plaintiff was charged with attempted homicide and related offenses, charges that, if proven, certainly would constitute a history of aggressive behavior.

The affidavits supporting defendant's motion also state the reasons for plaintiff's continued classification as "maximum status" through the date this suit was filed. Shortly after his commitment to Delaware County Prison, plaintiff was charged with murder and other offenses, and he was denied bail as to those charges. Furthermore, on January 13, 1983 a jury found plaintiff guilty of aggravated assault on the first set of charges, and on the second series, a jury convicted him of possession of instruments of crime and first degree murder on February 9, 1983.

Against this background, I discern two possible bases for plaintiff's claim that his assignment to cellblock "D" violated his due process rights: First, because plaintiff refers to cellblock "D" as the "punishment block," his claim can be construed as a complaint of unconstitutional punishment of a pretrial detainee. Second, because plaintiff claims that he was assigned to cellblock "D" without a hearing and in contravention of prison policies, the complaint must be considered as a claim for denial of procedural due process.

The first possible theory of plaintiff's complaint is without basis in the facts

of this case. It is abundantly clear that the decision to classify plaintiff as a "maximum status" detainee was based upon objective criteria reasonably related to legitimate institutional objectives. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). As stated in defendant Rapone's affidavit, the purpose for segregating "maximum status" detainees from the general prison population is to prevent individuals with a history of violent behavior from posing an unreasonable risk of harm to the largely nonviolent population of a county prison. It cannot be gainsaid that the classification scheme adopted by Delaware County Prison is rationally related to the prevention of such violence or that the scheme was correctly applied in the plaintiff's case. The record is therefore devoid of any evidence that plaintiff suffered unconstitutional punishment prior to his conviction.

 The second possible basis for plaintiff's complaint is equally without merit. In order to invoke the procedural protections of the Due Process Clause, plaintiff must identify a liberty interest of which he was deprived by his placement in administrative segregation. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). The Due Process Clause affords plaintiff no liberty interest in remaining in the general prison population. "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Id.* at 468, 103 S.Ct. at 870. State law provides no firmer ground for plaintiff's assertion of a liberty interest. As several decisions from this judicial district have held, Pennsylvania's administrative regulations relevant to county jails, 37 Pa.Code § 95.221 *et seq.*, do not create a liberty interest in remaining in the general prison population. *See Garfield v. Rapone*, C.A. 82–2345 (E.D.Pa., May 25, 1984) (Broderick, J.) and cases cited therein.

Finally, assuming arguendo that the administrative regulations provided plaintiff a liberty interest in being assigned to the general prison population, the record demonstrates that plaintiff's interest received constitutionally sufficient process. Plaintiff was personally interviewed with respect to factors relevant to the prison's security classifications upon his arrival at the prison, and the initial decision to assign plaintiff to cellblock "D" was reviewed, and affirmed, the following day and at periodic intervals thereafter. In view of the limited incremental loss of liberty occasioned by plaintiff's assignment to administrative segregation, and the low risk that Delaware County Prison's procedures would erroneously deprive plaintiff of that liberty, I conclude that plaintiff's procedural due process claim cannot succeed.

In short, the uncontested affidavits in this case demonstrate that plaintiff was placed in administrative segregation for legitimate institutional reasons, not for the purpose of punishment, and that whatever liberty interest plaintiff had in residing in the general prison population has been adequately protected. I will therefore grant defendant's motion for summary judgment.