Quentin **JOHNSON**

v.

George **HILL,** Frank **Green,** Barbara **Walrath** and Kim **Cristy.**

**Civil Action No. 95–4612.**

United States District Court, E.D. Pennsylvania.

Jan. 2, 1996.

Quentin Johnson, Thornton, PA, pro se.

Robert M. Diorio, Christopher R. Mattox, Diorio & Falzone, Media, PA, Jacqueline M. Carolan, LaBrum & Doak, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Defendants George Hill, Frank Green and Barbara Walrath are administrators at the Delaware County Prison. These Defendants seek to dismiss Plaintiff Quentin Johnson's Complaint against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendant Kim Cristy is a nurse employed by EMSA, an independent contractor hired by the Prison to provide medical care to the inmates. She also seeks a dismissal of the Complaint against her under Rule 12(b)(6).[1]

█ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allega-

---

1. Cristy has also requested this Court to convert her Motion to Dismiss into a Motion for Summary Judgment, as authorized by Rule 12(b)(6). Because of Johnson's pro se status, we deny that request.

tions in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988). Furthermore, Johnson is proceeding in this case pro se. Courts give pro se litigants more leeway in pleading and do not hold them to the same technical standards as trained lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

Because of Johnson's pro se status, we treat his "Answering Motion" as an amendment to his Complaint. Together, the Complaint and its amendment allege two different violations of the Constitution; inadequate medical care and inappropriate housing. The events leading to this litigation are as follows. When Johnson arrived at the Prison he was wrongly placed in the cell block that generally houses people accused of "murder, rape and with high bail." He alleges that he immediately began seeking a move by placing request sheets in Hill, Walrath and Green's mailboxes but never received a response.

Because of his inappropriate housing, Johnson eventually became depressed. In his request sheets, he began to indicate to Hill, Walrath and Green that he was having thoughts of suicide, but still, he never received a response. Finally, out of desperation, he cut his wrist. Although he bled for 45 minutes and although a guard promised that a nurse would come to attend to him, he alleges that he received no medical care during the bleeding. Instead, he only received routine daily visits from a prison nurse who told him to keep his wrist clean and give it air.

Hill, Walrath and Green first allege that Johnson has no Constitutional right to be housed in a particular cell block and that any claims based on that should be dismissed.[2] *McCord v. Maggio,* 910 F.2d 1248 (5th Cir.1990); *Hernandez v. Johnston,* 833 F.2d 1316 (9th Cir.1987); *Marshall v. Kozakiewicz,* 601 F.Supp. 1549 (W.D.Pa.1985); *Doss v. Rapone,* 601 F.Supp. 935 (E.D.Pa. 1985). These cases make it clear that, absent a state-created liberty interest that does not exist in Pennsylvania, prisoner placement is a matter of prison administration. *Id.* at 936. For this reason, we dismiss Johnson's claims for improper housing as a matter of law.

Second, all Defendants contend that Johnson has not shown an Eighth Amendment violation as defined by the Supreme Court in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Eighth Amendment prohibits "cruel and unusual punishment." To demonstrate a violation of that Amendment, the Supreme Court held that a prisoner must "allege facts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Id.* at 105–06, 97 S.Ct. at 291–92. Further, the prisoner must demonstrate that the defendant acted with a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *White v. Napoleon,* 897 F.2d 103, 107 (3d Cir.1990); *Boring v. Kozakiewicz,* 833 F.2d 468, 473 (3d Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988).

As *Wilson* explains, there are two questions a court must answer in any Eighth Amendment claim. First, whether the deprivation was sufficiently serious, and second, whether the officials acted with a sufficiently culpable state of mind. 501 U.S. at 298, 111 S.Ct. at 2324. Officials may be liable for a custodial suicide if they act with deliberate indifference to the prisoner's psychological needs. *Williams v. Borough of West Chester,* 891 F.2d 458 (3d Cir.1989). Ignoring a

---

**2.** Hill, Walrath and Green initially argued that the Complaint should be dismissed against them because there were no allegations that they personally violated any of Johnson's Constitutional rights. This argument was made before Johnson filed his Answering Motion, which alleges that they each ignored his request sheets. Because of this allegation, we find for the purposes of this Motion that there are sufficient allegations of personal involvement.

clear intent to commit suicide is a sufficiently serious act or omission that could result in an Eighth Amendment violation. *See Colburn v. Upper Darby Township,* 838 F.2d 663 (3d Cir.1988) (police violated decedent's civil rights when police were familiar with decedent's previous suicide attempts, knew she had jumped from a window the day before, had to prevent her from swallowing three valium pills, confiscated a round of ammunition from her pocket, yet failed to discover her handgun when decedent only wore shorts and halter top); *but cf. Freedman v. City of Allentown,* 853 F.2d 1111 (3d Cir.1988) (even if reasonably competent police officer would have recognized large scars on decedent's arms as "suicide hesitation cuts" failure to protect against suicide was still merely negligent).

█ Here, Johnson charges that Defendants ignored his claims of suicidal thoughts and failed to adequately treat him once he did attempt suicide. This could state the first element of the *Wilson* test. However, we find that Johnson has failed to make any allegations with respect to the second prong. Johnson does not allege that he had communicated "a strong likelihood, rather than a mere possibility, that self-inflicted harm w[ould] occur" and "that custodial officials 'knew or should have known' of that strong likelihood." *Colburn v. Upper Darby Township,* 946 F.2d 1017 (3d Cir.1991). Nor does he make any allegation that any Defendant acted with deliberate indifference toward him or that the medical care he did receive for his cut wrist was inadequate. Instead, Johnson's Complaint indicates that a nurse examined his wrist daily for two weeks and consistently determined that medical attention was unnecessary. Given this, we find that Johnson has not adequately alleged the deliberate indifference to his needs that is required to state a claim under the Eighth Amendment. For this reason, the remaining claims in Johnson's Complaint are dismissed.