MEMORANDUM **
Michael Izell Seals, a former California state detainee, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging multiple civil rights violations against jail personnel. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989). We affirm.
The district court properly granted summary judgment on Seals’s excessive force claims because the unverified statements in Seal’s complaint were insufficient to controvert defendants’ evidence that the force used against Seals was reasonable under the circumstances. See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir.2002); see also Angel v. Seattle-First Nat’l Bank, 653 F.2d 1293, 1299 (9th Cir.1981) (“A motion for summary judgment cannot be defeated by mere conclusory allegations unsupported by factual data.”).
The district court properly granted summary judgment on Seals’s deliberate indifference claims because he failed to raise a triable issue as to whether the defendants intentionally disregarded a serious medical need. See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004) (affirming summary judgment where there was no evidence that the defendant was subjectively aware that her actions created a substantial risk of serious harm.); see also Sanchez, 891 F.2d at 242 (explaining that a difference of medical opinion concerning treatment does not amount to deliberate indifference).
[S] The district court properly granted summary judgment on Seals’s due process claims because Seals provided no evidence that he was denied the requisite procedural protections after he was charged with disciplinary violations. See Wolff v. McDonnell, 418 U.S. 539, 564-71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (explaining that due process includes the right to call witnesses, to present documentary evidence, and to have a written statement by the fact finder as to the evidence relied upon and the reasons that disciplinary action was taken); see also Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (holding that a prisoner has no constitutional right to a particular classification status).
The district court properly granted summary judgment on Seals’s retaliation claim because Seals provided no evidence that the disciplinary “write-ups” he received were issued in retaliation for filing inmate grievances. See CarePartners LLC v. Lashway, 545 F.3d 867, 877 (9th Cir.2008) (“A plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a substantial or motivating factor in the defendant’s decision.”) (internal quotations omitted); see also Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995) (“[A] successful retaliation claim requires a finding that the prison authorities’ retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough *104 to achieve such goals.”) (internal quotations omitted).
Finally, the district court properly determined that the supervisory defendants cannot be held liable under section 1983 where there has been no showing that their subordinates violated Seal’s constitutional rights. See Jackson v. City of Bremerton, 268 F.3d 646, 653 (9th Cir. 2001).
Seals’s remaining contentions are unpersuasive.
All pending motions are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.