**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 52822-3-II |
| MICHAEL DENTON aka MICHAEL SIMS, | |
| Petitioner. | UNPUBLISHED OPINION |

MAXA, C.J. – Michael Denton seeks relief from personal restraint imposed as a result of two convictions: a 2016 conviction for custodial assault under Pierce County cause number 15-1-04577-8, for which he was sentenced to 60 months of confinement; and a conviction for custodial assault and felony harassment under Pierce County cause number 15-1-04621-9, for which he was sentenced to 60 months of confinement consecutive to the sentence in cause number 15-1-04577-8.

Denton argues that (1) the trial court violated his Sixth Amendment right by imposing consecutive sentences – which constitutes an exceptional sentence – without submitting the issue to a jury, (2) the trial court erred in refusing to allow him to present a diminished capacity

defense, and (3) the Department of Corrections (DOC) is improperly confining him in solitary confinement.[1] We disagree.

First, under RCW 9.94A.589(1)(a), when a trial court sentences a defendant for more than one offense, it can order the sentences for those offenses run consecutively only under the exceptional sentence provisions of RCW 9.94A.535. RCW 9.94A.535(2)(c) authorizes a trial court to impose an exceptional sentence without a finding of fact by a jury when the defendant "has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." A trial court's imposition of an exceptional sentence under this statute without submission of the issue to a jury does not violate a defendant's Sixth Amendment right to a jury. *State v. Alvarado*, 164 Wn.2d 556, 567-69, 192 P.3d 345 (2008).

Here, Denton's offender scores for both sentences exceeded 9, so without consecutive sentences one of his offenses would go unpunished. Therefore, the trial court did not err in imposing consecutive sentences under RCW 9.94A.535(2)(c) and .589(1)(a).

Second, Denton does not present any evidence that the trial court prevented him from presenting a diminished capacity defense. Therefore, we reject Denton's second argument.

Third, Denton argues that DOC is denying him due process by keeping him in solitary confinement.[2] DOC has classified Denton as maximum custody. He does not have a protected

---

[1] This court issued the mandate of Denton's appeal on March 19, 2018, making his December 13, 2018 petition timely filed. RCW 10.73.090(3)(b). Denton filed his petition with the Supreme Court, which transferred his petition to us under RAP 16.5(c).

[2] In his reply brief, Denton also claims that DOC has improperly taken 1,086 days of good time credits because those takings resulted from behaviors caused by his mental illnesses. But he did not raise this issue in his petition, so therefore we do not address it. *In re Pers. Restraint of Rhem*, 188 Wn.2d 321, 327, 394 P.3d 367 (2017).

No. 52822-3-II

liberty interest in his classification. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).

He only has a liberty interest in change of confinement to intensive management if that change

"imposes an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison

life.'" *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (alteration in original) (quoting

*Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).

Denton does not demonstrate that his conditions of confinement are an atypical hardship.

He receives classification reviews every 60 days. He has an opportunity to appeal the results of

those reviews. He has access to classes and programming. Therefore, Denton does not show

that he is being denied due process by being held in maximum custody.

Denton does not demonstrate grounds for relief from restraint. Accordingly, we deny his

petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, C.J.

We concur:

WORSWICK, J.

GLASGOW, J.

3