**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DANIEL J. MATTHEWS, | No. 19-35949 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00785-SB |
| v. | |
| DEBRA HASCALL, Law Library Secretary, EOCI; RAMEY, Sergeant at EOCI; RILEY, Correctional Officer at EOCI; H. NEVIL, Hearings Officer at EOCI; J. TAYLOR, Superintendent Eastern Oregon Correctional Institution; J. PECK, Assistant Superintendent at EOCI; NINA SOBOTTA, Grievance Coordinator at EOCI; COLETTE PETERS, Director of ODOC; ELIZABETH CRAIG, Administrator of ODOC; KIM BROCKAMP, Deputy Director of ODOC; MITCH MORROW, Deputy Director of ODOC; BIRDIE JANET WORLEY, Rules Coordinator, ODOC; BRIAN BELLEQUE, Deputy Director of ODOC; ADRIAN O'CONNOR, Internal Audit Admin, ODOC, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| LEMENS, Assistant Superintendent at | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

EOCI,

        Defendant-Appellee,

 and

CITY OF PENDLETON, COUNTY OF UMATILLA, OR, Individually and in their official capacities,

        Defendant.

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted June 21, 2021[**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

Daniel Matthews, an Oregon prisoner, appeals the district court's summary judgment in favor of the Eastern Oregon Correctional Institution ("EOCI") officials against whom he filed his 42 U.S.C. § 1983 claims.  We affirm.[1]

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] *See Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

As to his access to the courts claim, Matthews produced no evidence that he suffered an actual injury. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 n.2 (9th Cir. 1995); *see also Lewis v. Casey*, 518 U.S. 343, 348–49, 116 S. Ct. 2174, 2178–79, 135 L. Ed. 2d 606 (1996). Matthews did not produce evidence that he was unable to pursue any pending or future legal action for fear that he would be improperly charged for photocopies or with violating library rules.

As to his retaliation claim, Matthews did not produce evidence that any actions by EOCI's library coordinator would chill an ordinary person's exercise of First Amendment rights, or that her conduct failed to advance legitimate penological purposes. *See Rhodes v. Robinson*, 408 F.3d 559, 567–69 (9th Cir. 2005). Enforcing library rules, charging Matthews for printing and copying, and slightly delaying his access to the library do not constitute adverse actions that would deter ordinary persons from exercising their First Amendment rights. *See id.* EOCI also had a legitimate penological interest in managing its law library. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

As to his claim that the prison rules about disobedience and disrespect were unconstitutional as applied to him, Matthews' argument fails. Prison regulations that impinge on a prisoner's constitutional rights are valid if they are reasonably

related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261, 96 L. Ed. 2d 64 (1987). The record shows that Matthews refused to comply with multiple orders to delete an unauthorized document and to wait outside the law library. It also shows that Matthews violated the rule about disrespect because he was argumentative with EOCI officials in the presence of several other inmates. Matthews produced no competent evidence to the contrary. As a result, there is no genuine dispute that the disobedience and disrespect rules were constitutional as applied to his conduct. *Cf. Bahrampour v. Lampert*, 356 F.3d 969, 975–76 (9th Cir. 2004).

As to his Fourth and Sixth Amendment claims, Matthews' arguments fall short. The Fourth Amendment did not prohibit the library coordinator's scrutiny of the documents that Matthews wished to print or copy so that she could ensure that those documents conformed to library rules. *See Hudson v. Palmer*, 468 U.S. 517, 526–28, 528 n.8, 104 S. Ct. 3194, 3200–01, 3201 n.8, 82 L. Ed. 2d 393 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989); *cf. Mitchell v. Dupnik*, 75 F.3d 517, 521–23 (9th Cir. 1996). And the Sixth Amendment does not apply in this context. *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 2984, 41 L. Ed. 2d 935 (1974). "Prison disciplinary proceedings are not part of a criminal

prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556, 94 S. Ct. at 2975.

As to his procedural due process claims, Matthews fares no better. *See Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). Neither the Due Process Clause itself, nor state law, created protected liberty interests in prison employment, education, specific housing, or grievance procedures. *See id.* at 484, 486, 115 S. Ct. at 2300–01; *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987); *cf. Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985). And sufficient evidence supported the outcome of his disciplinary hearing. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). Moreover, Oregon provides an adequate post-deprivation remedy for Matthews' property loss claims. *See Hudson*, 468 U.S. at 534–35, 104 S. Ct. at 3204–05; *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981).

Finally, it was not an abuse of discretion to deny as moot Matthews' motion to compel more discovery. *See C.R. v. Eugene Sch. Dist. 4J*, 835 F.3d 1142, 1154 n.7 (9th Cir. 2016); *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). The added discovery "would not have shed light on any of the

issues upon which the summary judgment decision was based." *Qualls*, 22 F.3d at 844.

With regard to Matthews' other claims, we do not consider matters not specifically and distinctly raised and argued in the district court or not argued on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**